**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MONTEZ UMMAH BEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:26-cv-01053 PLC** |
| | ) | |
| **SHANTEL TOWNS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

On November 2, 2026, the Court ordered Plaintiff to file an amended complaint on the Court-provided form and to either pay the filing fee or submit a completed Application to Proceed in District Court Without Prepaying Fees and Costs. [ECF No. 4] The Court advised Plaintiff that failure to comply with the Court's order by November 23, 2026, may result in dismissal of the case without prejudice and without further notice. [ECF No. 4]

On November 11, 2026, Plaintiff filed an amended complaint and an Application to Procced in District Court Without Prepaying Fees and Costs on the Court-provided forms. [ECF Nos. 5 & 6] Before reviewing Plaintiff's amended complaint, the Court must first address the Application to Procced in District Court Without Prepaying Fees and Costs.

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). *In forma pauperis* status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of

life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

Here, Plaintiff did not complete the Application in compliance with the Court's directive to file a completed form. Plaintiff answered "not applicable" or left blank every inquiry on the form. [ECF No. 6] Without any financial information, the Court cannot determine Plaintiff's ability to pay the filing fee. The Court must therefore deny the Application. The Court denies the Application without prejudice, however, and affords Plaintiff one additional opportunity to either: (1) pay the $405 civil filing fee, or (2) file a new Application with complete answers.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed without Prepaying Fees and Costs [ECF No. 6] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail Plaintiff a blank copy of the Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that, **no later than November 25, 2026**, Plaintiff shall either pay the full filing fee or submit a completed Application to Proceed in District Court without Prepaying Fees or Costs.

**Plaintiff's failure to timely and fully comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Patricia L. Cohen

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of November, 2026